**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JANSSEN BIOTECH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1549-MN |
| | ) | |
| AMGEN INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**STIPULATED PROTECTIVE ORDER**

WHEREAS Plaintiff Janssen Biotech, Inc. ("Plaintiff" or "Janssen") and Defendant Amgen Inc. ("Defendant" or "Amgen") (individually, a "Party," and collectively, the "Parties") and non-parties could be required to produce, in the above-captioned litigation, certain documents, things, and information that the producing party considers to be trade secrets, technical know-how, or other confidential or proprietary research, development, business, financial or commercial information;

WHEREAS, the Parties mutually desire that a Protective Order be entered, limiting disclosure of, access to, and prohibiting use of such confidential information for any purpose other than in the District of Delaware Civil Litigation No. 22-1549-MN, including any appeals therefore ("Litigation");

WHEREAS, the Parties to this action seek to establish a mechanism specific to this Litigation to protect confidential information produced by the Parties and non-parties in this Litigation from unauthorized disclosure, access, and use;

WHEREAS, the Parties agree that steps should be taken to allow certain data and information to be produced in compliance with U.S. and other applicable data protection laws and provisions;

NOW THEREFORE, the Parties HEREBY STIPULATE to the entry of this Protective Order regarding discovery in this Litigation.

## DEFINITIONS

1.　　"Affiliate" means any Third Party that directly or indirectly through one or more intermediaries controls, or is controlled by, or is under common control with, a Party to this Litigation.

2.　　"Confidential Information" means information or things that constitute, contain, reveal, or reflect trade secrets, technical know-how, or other confidential or proprietary research, development, business, financial, or commercial information, including but not limited to: scientific, technical, or regulatory information; product information; financial, budgeting, forecasting, and/or accounting information; information about existing and potential customers; marketing and other business strategies, decisions, or negotiations; personnel compensation, evaluations, and other employment information; information received from a Third Party pursuant to a confidentiality, non-disclosure, or similar agreement; and includes such confidential and proprietary information about a Third Party, including parents, subsidiaries, and/or other Affiliates. Confidential Information further includes any information that a Producing Party reasonably believes to be subject to federal, state, or foreign data protection laws or other privacy obligations (collectively, "Data Protection Laws").  Examples of such Data Protection Laws include, but are not limited to, the Health Insurance Portability and Accountability Act of 1996 and the regulations promulgated thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (protected health information); Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data and on the Free Movement of Such Data, 1995 O.J. (L281/31) (European Union personal data), replaced by Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016, 2016 O.J. (L119/1), effective as of 25 May 2018 (the General Data Protection Regulation or "GDPR") and laws of the European Economic Area members implementing the GDPR, including without limitation the German Federal Data Protection Act (Germany personal

2

data) and Iceland Act No. 90/2018 on Data Protection and the Processing of Personal Data; the Swiss Federal Act on Data Protection of June 19, 1992 and its ordinances; and the United Kingdom Data Protection, Privacy and Electronic Communications (Amendments, etc.) (EU Exit) Regulations 2019 and Data Protection Act 2018.  Provisions of this Protective Order relating to Confidential Information shall be understood to encompass any information derived from, as well as testimony and oral conversation related to, Confidential Information.  Confidential Information shall also include all documents, copies, abstracts, excerpts, summaries, analyses, notes, or other writings that contain, reflect, reveal, or otherwise disclose confidential and/or proprietary information.

3. "Confidential Discovery Material" means all or any part of Discovery Material that a Producing Party designates as Confidential Information pursuant to Paragraphs 17 and 19 of this Protective Order.

4. "Designated Inside Counsel" means an Inside Counsel who is designated during this Litigation pursuant to Paragraph 34(c) of this Protective Order.

5. "Discovery Material" means all documents, electronically stored information, testimony, pleadings, exhibits, and all other material, information, or things produced or disclosed in this Litigation (whether in hardcopy or electronic form), including as a result of Initial Disclosures or voluntary disclosures, responses to requests for production of documents and/or tangible objects, answers to interrogatories, responses to requests for admissions, documents and things made available for inspection, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, including Third Party discovery pursuant to Fed. R. Civ. P. 45, matters in evidence and any other information hereafter furnished, directly or indirectly, by or on behalf of any Party, Third Party, or witness in connection with this Litigation.  This Protective Order and protections herein shall apply to all Discovery Material.

6. "Expert" means a person with specialized knowledge or experience in a matter pertinent to this Litigation who has been retained by a Party or its Inside or Outside Counsel to

3

serve as an expert witness or as a consultant in this Litigation who, at the time of retention, is not an officer, director, or employee of a Party or an Affiliate and is not anticipated to become an officer, director, or employee of a Party or an Affiliate. Nothing in this Protective Order purports to alter in any way the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

7. "Inside Counsel" means any attorney or patent agent who works in the legal department of a Party or an Affiliate.

8. "Outside Counsel" means any attorney or patent agent from a law firm that has at least one attorney who is then a current counsel of record for a Party in this Litigation and who is not an employee of a Party or of an Affiliate.

9. "Party" means a party to this Litigation.

10. "Producing Party" means any Party or any Third Party who produces or otherwise discloses, whether through formal or informal means, Discovery Material in this Litigation.

11. "Professional Vendor(s)" means persons or entities that provide litigation support services (*e.g.*, photocopying; audio or video recording; translating, preparing exhibits or demonstratives; organizing, storing, or retrieving data in any form or medium; jury consulting; mock trial coordination; or contract attorneys retained by a Party's Outside Counsel or Designated Inside Counsel for the sole purpose of assisting with document review in this Litigation) and their employees and subcontractors.

12. "Prosecution" means participation in or direct contribution to drafting, revising, amending, substituting, or modifying—or advising regarding the drafting, revising, amending, substituting, or modifying—the scope of patent claims during prosecution proceedings in the United States or in any foreign country. Prosecution proceedings do not include opposition, *inter partes* review, interference, or other post-grant proceedings before the United States Patent and Trademark Office ("USPTO") or any foreign patent-granting authority, provided, however, that anyone involved in such proceedings may not participate in, directly contribute to, or advise concerning the drafting, revising, amending, substituting, or modifying of patent claims.

4

13.     "Protective Order" or "this Order" means this Stipulated Protective Order.

14.     "Receiving Party" means any Party that receives Discovery Material produced or otherwise disclosed by any Producing Party in this Litigation.

15.     "Third Party" means a person or entity that is not a Party.

## SCOPE

16.     The protections conferred by this Order shall govern all Confidential Discovery Material, in this Litigation.   Those protections shall also extend to any information copied or extracted there from, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Receiving Parties or counsel for Receiving Parties in other settings that might reveal Confidential Discovery Material.

## DESIGNATION

17.     Any Producing Party may designate Discovery Material as Confidential Information in accordance with this Protective Order if such Party in good faith believes that such Discovery Material contains, reflects, reveals, or otherwise discloses Confidential Information as defined in Paragraph 2.

18.     Notwithstanding anything to the contrary herein, the description Confidential Information shall apply to all information so designated by the Producing Party absent an order of the Court or subsequent written agreement of the Producing Party providing otherwise.

19.     Discovery Material may, as appropriate, be designated as Confidential Information and marked by the Producing Party with the legend "CONFIDENTIAL," and the Producing Party must use reasonable efforts to ensure that such legend appears on each page of each document or file as the format permits.   Tangible objects constituting or containing Confidential Discovery Material may be designated by affixing to the object or its container a label or tag marked with the appropriate confidentiality designation.   With respect to computer media, the designation shall be placed on the medium and its label and/or cover.   With respect to documents containing Confidential Discovery Material produced in Native Format the designating party shall include the appropriate confidentiality designation in the file's cover sheet, metadata and/or filename.   With

respect to all documents produced that contain Confidential Information, the Designating Party will also include in the Load File the appropriate designation that includes the level of protection (*e.g.*, "CONFIDENTIAL INFORMATION").

20.     Information revealed by inspection of things and premises under Fed. R. Civ. P. 34 shall be treated as though it were designated Confidential Information provided that, prior to or at any time up to thirty (30) days (as calculated by Fed. R. Civ. P. 6) after the inspection, the Party permitting inspection specifically identifies in writing which of the Discovery Material that will be or that was disclosed by the inspection is to be designated as Confidential Information.  There will be no waiver of confidentiality, or any privilege or immunity, by the inspection of Discovery Material before it is copied and marked pursuant to this Order.  Inspection of Discovery Material by any Party shall be conducted by persons eligible under Paragraph 34 below.

21.     Notwithstanding the provisions of this Order, Parties may redact from any Discovery Material, whether or not the Discovery Material constitutes or has been designated as Confidential Discovery Material, any (a) information that is subject to the attorney-client privilege, work-product immunity, or other privilege or immunity, (b) other personal identifying data protected from disclosure by Data Protection Laws and other applicable laws and regulations; and (c) information regarding products other than ABP 654, ustekinumab, or Stelara® that the Producing Party claims requires protections under the terms of this Order.  By way of non-limiting example, personal identifying data may include sexual orientation, religion, health information, labor union affiliation, financial information, and political affiliation or similar data otherwise protected from disclosure by state, federal, or foreign regulations, including Data Protection Laws. Each such redaction, regardless of size, shall be clearly labeled "Redacted – Privileged" if redacted for privilege or immunity, "Redacted – DP" if redacted for data protected from disclosure by state, federal, or foreign regulations, including Data Protection Laws or by this Order or "Redacted – Not Relevant" if redacted for lack of relevance.  This Paragraph shall not be construed as a waiver of any Party's right to seek disclosure of redacted information.

22.     The Parties agree to meet and confer regarding additional safeguards for particular documents if and when needed.  The Parties also agree to meet and confer on all other disputes relating to this Protective Order and discovery generally prior to seeking the intervention of the Court.

23.     The Parties agree that non-relevant attachments to responsive parent documents need not be produced.  For any such attachments not produced, a placeholder slip-sheet endorsed "Withheld Not Relevant" will be produced to capture the relationship.

24.     Information of a Producing Party revealed during a deposition upon oral or written examination under Fed. R. Civ. P. 30 shall be treated as Confidential Information by a Receiving Party for thirty (30) days (as calculated by Fed. R. Civ. P. 6) following receipt of the final transcript by Outside Counsel for the Producing Party, but not thereafter unless, before the 30-day period has expired, Outside Counsel or Inside Counsel for the Producing Party notifies Outside Counsel or Designated Inside Counsel for the Receiving Party in writing that the Discovery Material set forth in the transcript is Confidential Information.  Counsel for any Party or Third Party also may designate the transcript or portions thereof to be Confidential Discovery Material during the deposition.  The appropriate legend described in Paragraph 19 shall be placed on the front of any deposition transcript (and, if recorded, any copies of the recording) containing Confidential Discovery Material.

25.     Any Court filing that contains, describes, or discusses Confidential Information shall be filed under seal pursuant to the requirements of District of Delaware Local Rule 5.1.3, the Court's CM/ECF procedures, and any other applicable rules or procedures.  The filing Party must include on the cover page of the brief or other filing a descriptive legend in the following format: "CONTAINS PLAINTIFF'S CONFIDENTIAL INFORMATION" or "CONTAINS DEFENDANT'S CONFIDENTIAL INFORMATION" or "CONTAINS PLAINTIFF'S AND DEFENDANT'S CONFIDENTIAL INFORMATION" or "CONTAINS THIRD-PARTY CONFIDENTIAL INFORMATION" or another suitable legend.  The sealed material shall not be opened or released from the custody of the Clerk of Court except by order of the Court.  Outside

Counsel for the Party filing papers containing, describing, or discussing Confidential Information shall be responsible for providing appropriately redacted copies of the filed document to the Court in accordance with any local rules or procedures.  If the filing contains the Confidential Information of the Party who did not file the document, within five days from the date of a filing made under seal, Outside Counsel for the non-filing Party or non-filing Third Party shall deliver to Outside Counsel for the filing Party or Third Party a proposed public version of the filing that was made under seal if it contains the non-filing Party's Confidential Information, and this proposed public version shall include redactions of Confidential Information.  Within two (2) days after receipt of the proposed public version, Outside Counsel for the filing Party shall provide any additional redactions it believes appropriate.  Redacted versions of papers filed under seal may be made publicly available provided that (a) all Confidential Information is redacted; and (b) such redacted versions are clearly marked "Public Version," and clearly identify each place where information or exhibits have been redacted or deleted.  A Party shall not disclose another Party's Confidential Information in a public hearing or at trial absent either (a) advance notice to the other Party to enable the Party to seek appropriate relief from the Court in the form of an order sealing the courtroom or otherwise; or (b) an order of the Court.

26. For any contentions, discovery response, expert report or declaration, or other non-Court filing document[1] (e.g., Party or Third-Party correspondence) that is served on another Party or Third-Party that contains, describes, or discusses Confidential Information, the serving Party must include on the cover page of the document a descriptive legend following the format of Paragraph **Error! Reference source not found.**.  For expert reports and declarations containing Confidential Information of the Producing Party, Outside Counsel for the Producing Party shall be responsible for providing appropriately redacted copies, redacting the Producing Party's Confidential Information within the served document, to the Receiving Party within fourteen (14) days of service of the original document.  The Producing Party may request an extension of time

---

[1] For the avoidance of doubt, the obligations of this paragraph do not apply to documents produced pursuant to Fed. R. Civ. P. 34. *See* ¶ 19, supra.

to prepare such redactions, which shall not be unreasonably withheld by the Receiving Party.  The Receiving Party may also request redacted versions of other non-Court filing documents, such as contentions and discovery responses.  If the Receiving Party wishes to obtain such redacted version, it shall in the first instance be responsible for preparing a proposed redacted version of the document, seeking to redact all of the Producing Party's confidential information.  Upon receipt of the proposed redacted version, the Producing Party shall within fourteen (14) days confirm that the redactions are acceptable or propose amended redactions to the document in question.

## **USE**

27.     Confidential Discovery Material produced by a Party or Third Party may be used by the Receiving Party only for purposes of this Litigation.  Confidential Discovery Material shall not be used for any other purpose including, but not limited to, any other lawsuit; Patent Office Proceeding; Prosecution; any dispute resolution proceeding not directly related to this Litigation; any petitioning, counseling, litigation, or other work involving the U.S. Food and Drug Administration ("FDA"), including any Citizens' Petition; or for any other business, proprietary, commercial, governmental, or regulatory purpose, domestic or foreign.  Nothing in this Protective Order precludes a Producing Party from using or disseminating its own Discovery Material, including Confidential Discovery Material, for purposes other than this Litigation.

28.     All Confidential Discovery Material shall be held in confidence by each person to whom it is disclosed and shall not be disclosed to any person who is not entitled to receive it under the terms of this Protective Order.  For the avoidance of doubt, information derived from Confidential Discovery Material, including summaries, digests, analyses, and other records of such information and things, and any testing or test results of product samples, shall be subject to the same designation as Confidential Information (and thus the same restrictions) as the information or thing from which it was derived.  All Confidential Discovery Material shall be securely maintained by recipients so as to preclude access by persons who are not entitled to receive such information and things.

29.     Nothing in this Order shall preclude Outside Counsel or Designated Inside Counsel from providing advice to the Parties with respect to this Litigation based on Confidential Discovery Material, provided that the Confidential Discovery Material is not disclosed to the Parties if such disclosure would be contrary to the provisions of this Order.

30.     Absent consent of the producing Parties and/or further order of this Court, Outside Counsel and Designated Inside Counsel receiving Confidential Discovery Material are expressly prohibited from involvement in any of the following activities while this litigation is pending and for the duration of one year after the conclusion of this litigation including appeals: (i) Prosecution as it relates to ustekinumab, including any analogs, derivatives, or formulations of ustekinumab, and medical devices that could be used for administering ustekinumab, and (ii) responsibility for the preparation or submission of any FDA documents regarding approval requirements relating to ustekinumab, including but not limited to Citizens' Petitions, or any similar documents in any foreign country, except where such correspondence is regarding the Receiving Party's own regulatory file relating to ustekinumab.   Notwithstanding the foregoing, nothing in this Paragraph shall preclude any Outside Counsel or Designated Inside Counsel from participating in any *inter partes* review, interference, or other post-grant proceedings before the USPTO (or foreign equivalent before any foreign patent-granting authority) provided, however, that such participation does not involve the disclosure of Confidential Discovery Material; and further provided that anyone involved in such proceedings may not participate in, directly contribute to or advise concerning the drafting, revising, amending, substituting, or modifying of patent claims.

31.     During the deposition or trial testimony of any fact witness, such witness may be shown, testify concerning, or be examined concerning Confidential Discovery Material only if:

(a)     the witness is a current employee of the Producing Party;

(b)     the witness authored the Confidential Discovery Material or the witness received the Confidential Discovery Material in the ordinary course of business and outside the context of this Litigation; or

10

(c)     the witness attests that they saw Confidential Discovery Material in the ordinary course of business.

32.     At the deposition of any corporate representative designated to testify on behalf of a Party on a particular topic or subject area pursuant to Fed. R. Civ. P. 30(b)(6), such witness may be shown Confidential Discovery Material of the Producing Party that is within the particular topic or subject area if the Producing Party is the Party being deposed.

33.     Any other person may be examined as a witness at trial or upon deposition concerning any Confidential Discovery Material which that person had lawfully generated, received, or which was previously communicated to that witness, including expert witnesses authorized to receive Confidential Discovery Material under the terms of this Order.  Third Parties may designate as Confidential Discovery Material deposition transcripts of their witnesses and any Discovery Material they produce, whether voluntarily or by subpoena, to the same extent and in the same manner as Parties.  Any such Confidential Discovery Material shall be treated by the Parties in the same manner as the Confidential Discovery Material produced by a Party.  Third Parties shall have the same rights and obligations under this Protective Order as Parties and may move the Court to enforce the provisions of this Protective Order.

## DISCLOSURE OF CONFIDENTIAL DISCOVERY MATERIAL

34.     Unless otherwise directed by the Court or authorized in writing by the Producing Party, Confidential Discovery Material may be disclosed by the Receiving Party only to the following persons:

(a)     Outside Counsel for Janssen in the above-captioned case from the following firms:

    i.     Latham & Watkins LLP

    ii.     McCarter & English LLP

(b)     Outside Counsel for Amgen in the above-captioned case from the following firms:

    i.     Proskauer Rose LLP

    ii.     Richards, Layton & Finger, P.A.

provided that such Outside Counsel has no current responsibility or involvement and will not have any responsibility or involvement for the duration of this Litigation in the Prosecution of any patent or patent application claiming priority based on the patents in suit or any other application relating to ustekinumab.  The restriction described in this Paragraph shall begin when access to Confidential Discovery Material is first received by the affected individual and shall end one year after final termination of this Litigation.

(c)     Up to five Designated Inside Counsel for Janssen, and up to five Designated Inside Counsel for Amgen, who, because of their duties and responsibilities, require access to Confidential Information, provided such Designated Inside Counsel abide by the restrictions set forth in this Order, including in Paragraph 28, and provided (1) that such persons are not involved in advising others within the company with regard to the pricing, sales, or marketing of any ustekinumab product and (2) such persons have executed an acknowledgement in the form attached as Exhibit B.  A Designated Inside Counsel's role as supervisor of an attorney or patent agent engaged in Prosecution described herein shall not, in itself, constitute evidence that the Designated Inside Counsel is engaged in Prosecution.   The restriction described in this Paragraph shall begin when access to Confidential Discovery Material is first received by the affected individual and shall end the earlier of (i) one year after final termination of this Litigation or (ii) one year after a Designated Inside Counsel withdraws from representing a Party in this Litigation and the Party that the Designated Inside Counsel represents removes him or her from its list of Designated Inside Counsel.

(d)     Support personnel for attorneys listed in Paragraph 34(a), (b), and (c), such as discovery specialists (including attorneys who act as discovery specialists), law clerks, paralegals, secretaries, IT personnel, and clerical staff, assisting with this Litigation under the supervision of an attorney described in Paragraph 34(a), (b), and (c).

(e)     Analysts and scientific advisors regularly employed by the law firms of Outside Counsel so long as they are subject to the same restrictions as Outside Counsel set forth in Paragraph 34(a) and (b).

12

(f)     Persons or firms retained by Janssen or Amgen for the purpose of litigation support (*e.g.*, Professional Vendors as defined in Paragraph 11).

(g)     Contract attorneys retained by a Party's Outside Counsel or Designated Inside Counsel for the sole purpose of assisting with document review in this Litigation and who shall be subject to the same restrictions as Outside Counsel set forth in Paragraph 34(a) and (b).

(h)     Any Expert who is expressly retained by any Outside Counsel or Designated Inside Counsel to assist in this Litigation, including any associates or analysts working under the supervision of the Expert, with disclosure only to the extent necessary to perform such work, provided such persons have executed an acknowledgement in the form attached as Exhibit A.

(i)     Support personnel for Experts listed in Paragraph 34(h), including secretaries, and clerical staff assisting with this Litigation under the supervision of an Expert described in Paragraph 34(h).

(j)     Any interpreter, court reporter, or other shorthand reporter or typist who is translating, recording, or transcribing documents or testimony in connection with this Litigation or any videographer who is recording a deposition in connection with this Litigation, provided all such individuals are not employed by a Party.

(k)     Personnel of the Court and all appropriate courts of appellate jurisdiction.

(l)     Any other person requested by a Receiving Party and agreed to by the Producing Party in writing pursuant to this Paragraph, provided such person has executed an acknowledgement in the form attached as Exhibit A.

35.     For the avoidance of doubt, the restrictions in Paragraph 34 shall apply only to individuals who obtain, receive, or otherwise learn of, in whole or in part, Confidential Discovery Material, and not by implication to other employees of the firms or organizations by which they are employed.

36.     Confidential Discovery Material shall not be disclosed to persons described in Paragraph 34(h) or (l) unless and until such person has executed an acknowledgement in the form attached as Exhibit A.  Either Outside Counsel or Designated Inside Counsel must maintain a copy

of the executed Exhibit A for each individual falling under Paragraph 34(h) or (l) during the Litigation and for a period of one year thereafter.

37.     As a condition precedent to disclosure of any Confidential Discovery Material of a Producing Party to an individual described above in Paragraph 34(h) or (l), before the disclosure of the Confidential Discovery Material is made, Outside Counsel for the Receiving Party shall serve a Notice on the Producing Party identifying such individual by name and including a curriculum vitae ("CV") or equivalent resume disclosing the individual's employment history, past or present relationship with any of the Parties and Affiliates, all cases in which the individual has testified in a deposition or a trial in the past four years, and an executed acknowledgment from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto. If a Producing Party objects to the proposed disclosure to such individual, the Producing Party must raise such objection to the Receiving Party no later than ten (10) days (as calculated by Fed. R. Civ. P. 6) of receiving notice of the proposed disclosure.  A Party that receives a timely written objection must promptly confer in good faith to resolve the concerns giving rise to the objection. If the Parties are unable to reach agreement regarding such disclosure, the objecting Party must apply to the Court for a protective order no later than seventeen (17) days (as calculated by Fed. R. Civ. P. 6) after receipt of the executed acknowledgement in the form attached as Exhibit A and the CV or resume.  The burden shall be on the objecting Party to demonstrate to the Court why such individual should not be permitted to receive Confidential Discovery Material under the Protective Order.  Confidential Discovery Material shall not be disclosed to such individual pending the Court's resolution of the dispute.  The foregoing ten- and seventeen-day periods may be extended or shortened by agreement of the Parties or by Order of the Court.

38.     Confidential Discovery Material shall not be disclosed to persons described in Paragraph 34(c) unless and until such person has executed an acknowledgement in the form attached as Exhibit B.  Either Outside Counsel or Designated Inside Counsel must maintain a copy of the executed Exhibit B for each individual falling under Paragraph 34(c) during the Litigation and for a period of one year thereafter.  The Parties will identify their five Designated Inside

14

Counsel by providing notice to the other Parties by service of the acknowledgement in the form attached as Exhibit B completed and signed by the proposed Designated Inside Counsel.  During the pendency of this Litigation, a Party that seeks to designate a replacement Designated Inside Counsel with a new designee (as provided herein), must first provide notice to the other Party by service of the acknowledgement in the form attached as Exhibit B completed and signed by the proposed Designated Inside Counsel.  A Party that designates a Designated Inside Counsel or replaces a Designated Inside Counsel and provides the information specified in the preceding sentence may disclose Confidential Discovery Material to the newly identified Designated Inside Counsel unless, within ten (10) days of delivering the notice (as calculated by Fed. R. Civ. P. 6), the Party receives a written objection from the objecting Party.  Any such objection must set forth in detail the grounds on which such objection is based.  A Party that receives a timely written objection must meet and confer with the objecting Party to try to resolve the matter by agreement. If the Parties are unable to reach agreement regarding such designation, the objecting Party must apply to the Court for a protective order no later than seventeen (17) days (as calculated by Fed. R. Civ. P. 6) after receipt of the executed acknowledgement in the form attached as Exhibit B. The foregoing ten- and seventeen-day periods may be extended or shortened by agreement of the Parties or by Order of the Court.

39.     As further described in Paragraphs 49 and 50, the recipient of any Confidential Discovery Material that is provided under this Protective Order (including any copies or excerpts made thereof) shall maintain such information (including any summaries, analyses, or other derivative materials disclosing or reflecting the content of that information) in a secure and safe area and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination of such information.

## EXEMPTED MATERIALS AND OBJECTION TO DESIGNATIONS

40.     Any Receiving Party may object to the designation by the Producing Party of any Discovery Material as Confidential Discovery Material at any time.  The process for making an

objection to the designation of Discovery Material as Confidential Discovery Material and for resolving the dispute shall be as follows:

(a)     Outside Counsel or Designated Inside Counsel for a Receiving Party shall notify Outside Counsel for the Producing Party in writing as to its objection(s) to the designations.  This notice shall include, at a minimum, a specific identification of the objected-to Confidential Discovery Material as well as the detailed reasons for the objection.

(b)     Within fourteen (14) days of the service of the notice in section (a) (as calculated by Fed. R. Civ. P. 6), Outside Counsel or Designated Inside Counsel for the Receiving Party shall confer either in-person or by telephone with Outside Counsel for the Producing Party claiming protection (as well as any other interested Third Party) in a good-faith effort to resolve the dispute. In conferring, the Receiving Party must explain, as to each challenged document or material, the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the confidentiality designation.  The Receiving Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Producing Party is unwilling to participate in the meet-and-confer process in a timely manner.

(c)     Failing agreement, the Receiving Party may apply to the Court for a ruling that the Discovery Material sought to be protected is not entitled to such designation.  The Receiving Party must contact the Court within twenty-one (21) days (as calculated by Fed. R. Civ. P. 6) of the initial notice in section (a) or within fourteen (14) days (as calculated by Fed. R. Civ. P. 6) of the parties agreeing that the meet-and-confer process in section (b) will not resolve their dispute, whichever is earlier.  If the parties do not agree to some other deadline, the Receiving Party's failure to contact the Court within the period described in this section waives the Receiving Party's objection(s).  The Receiving Party bears the burden to establish that the Discovery Material is not Confidential Discovery Material as defined in Paragraph 3 and not entitled to such protection under this Protective Order.

41.     The right to challenge and the process for challenging the existence or designation of redactions shall be the same as the right to challenge and the process for challenging the designation of Confidential Discovery Material as set forth in Paragraph 40.

42.     Discovery Material is not properly designated as Confidential Discovery Material under Paragraph 3 if it has/had been:

(a)     available to the public at the time of its production hereunder; or

(b)     available to the public after the time of its production through no act, or failure to act, on behalf of a Receiving Party, its counsel, representatives, or experts.

43.     Notwithstanding any such challenge to the designation of Discovery Material as Confidential Discovery Material, all such material so designated shall be treated as such and shall be subject to the provisions of this Protective Order until one of the following occurs: (a) the Party that designated the material as Confidential Discovery Material withdraws such designation in writing, or (b) the Court rules that the designation is not proper.

## NO WAIVER OF PRIVILEGE

44.     The disclosure of Discovery Material subject to the attorney-client privilege or the work-product immunity, or any other privilege or immunity, will not waive or constitute an estoppel as to the attorney-client privilege, work-product immunity, or other privilege or immunity for such information and its subject matter in this Litigation or in any other federal or state proceeding.  For example, the mere production of privileged or work-product-protected information in this Litigation as part of a production is not itself a waiver in this Litigation or in any other federal or state proceeding.  Further, neither the fact that information was produced nor the content of the information shall be used in any manner as evidence in support of any such alleged waiver.  If a Party has produced information subject to a claim of privilege or immunity, upon request identifying such information or in the event that a Receiving Party discovers a document that it believes to be privileged ("Recalled Information"), the information and all copies thereof shall be returned promptly, or a signed verification by Outside Counsel for a Receiving Party certifying that all such information and copies have been destroyed shall be provided to

17

Outside Counsel for the Producing Party no later than ten (10) days (as calculated by Fed. R. Civ. P. 6) after a request is made by the Producing Party or discovery is made by the Receiving Party, as required by Fed. R. Civ. P. 26(b)(5)(8).  For purposes of this Order, Recalled Information that has been stored by the Receiving Party on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered.  If such data is retrieved, the Receiving Party must promptly take steps to delete the restored Disclosed Privileged Information. Moreover, any notes or summaries referring to or reflecting the content of Recalled Information shall be destroyed.  No later than five (5) days after the return or destruction of Recalled Information, the Producing Party shall provide a privilege log for the Recalled Information and no later than ten (10) days after receipt of the privilege log, a Receiving Party may challenge the Producing Party's claim(s) of privilege or immunity by making an application to the Court.  Such an application may rely on a description of the Recalled Information under Rule 26(b)(5)(A)(ii), but may not rely in any way on a Receiving Party's examination of the Recalled Information, including the content of the Recalled Information ascertained during such an examination.  The preceding sentence in no way forecloses a Receiving Party from requesting an *in camera* review by the Court of the Recalled Information.

45.     Nothing in this Order overrides any attorney's ethical responsibilities related to the inadvertent production of privileged information.

46.     This Order is not intended to impose on a party a waiver of its rights to review its documents for privilege or any other reason (including to identify non-responsive documents) and the existence of this Order cannot be used to compel a party to produce documents without review, including for privilege and relevance.  Moreover, this Order does not mean that the cost of review should not be considered in determining whether any particular discovery is disproportionate (i.e., that the marginal benefit of the discovery is not as great as the marginal cost of said discovery including review).  Further, production under this Order is not a concession of the relevance of information produced or a waiver of discovery objections or of the attorney-client privilege, work-product immunity, or other privilege or immunity.

**FAILURE TO DESIGNATE**

47.     The failure by a Producing Party to designate Discovery Material as Confidential Discovery Material shall not be a waiver of such designation provided that the Producing Party that fails to make such designation informs the Receiving Party that such Discovery Material is Confidential Discovery Material promptly but not more than twenty (20) days (as calculated by Fed. R. Civ. P. 6) after the failure to designate first becomes known to the Producing Party.  The failure by a Producing Party to designate Discovery Material as Confidential Discovery Material or redact Confidential Information shall not preclude the filing of a motion at a later date seeking to impose such designation or redaction or challenging the propriety thereof.  The Receiving Party in receipt of Discovery Material that the Producing Party failed to designate as Confidential Discovery Material shall not be in violation of this Protective Order for any use made of such Discovery Material before the Receiving Party is informed of the failure to designate.  Once the Receiving Party has been informed of the failure to designate pursuant to this Paragraph, the Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such Discovery Materials are returned promptly to the Producing Party for proper designation or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under this Protective Order.

**UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL DISCOVERY MATERIAL**

48.     In the event of disclosure of Confidential Discovery Material to any person not authorized to have such access under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately inform Outside Counsel for the Party whose Confidential Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure.  The Party responsible for improperly disclosing such Confidential Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Confidential Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.  Nothing in this agreement shall prevent the Party whose Confidential Discovery Material was

improperly disclosed from seeking other remedies from the disclosing Party, including damages or injunctive relief.

## SECURITY

49.     Any person in possession of another Party's Discovery Material shall exercise the same care with regard to the storage, custody, or use of such Discovery Material as they would apply to their own material of the same or comparable sensitivity, but no less than the reasonable precautions set forth in Paragraph 50.

50.     Receiving Parties must take reasonable precautions to protect Discovery Material from loss, misuse and unauthorized access, disclosure, and alteration.  Such measures shall at least include:

(a)     Reasonably preventing unauthorized persons from gaining access to Discovery Material (physical access control);

(b)     Reasonably preventing Discovery Material from being used without authorization (logical access control) including, but not limited to, the use of passwords;

(c)     Reasonably ensuring that persons entitled to use Discovery Material gain access only to such Discovery Material as they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, Discovery Material cannot be read, copied, modified or deleted without authorization (data access control); and

(d)     Reasonably ensuring that Discovery Material is processed solely in accordance with instructions from Counsel or Receiving Party (control of instructions).

## RETURN/DESTRUCTION OF MATERIALS

51.     Not later than ninety (90) days (as calculated by Fed. R. Civ. P. 6) after entry of final judgment or dismissal with prejudice in this Litigation (including disposition of any appeals or petitions for review), or after the execution of a settlement agreement among all the parties finally disposing of all issues raised in this Litigation, Outside Counsel and all other persons having possession or control of another Party's Confidential Discovery Material, including any briefs, motions, pleadings, expert reports, or other documents created during the course of this litigation

20

that contain Confidential Discovery Material, shall: (a) return all Confidential Discovery Material and any information provided by a Party pursuant to 42 U.S.C. § 262(1)(1)(B)(i) and non-public information exchanged by a Party pursuant to 42 U.S.C. § 262(1)(3), and any copies thereof to the appropriate Outside Counsel who produced the Confidential Discovery Material; or (b) destroy such Confidential Discovery Material.  Each Party shall give written notice of such destruction to Outside Counsel for the Producing Party.  However, each Outside Counsel and Designated Inside Counsel may each retain an archival copy of all papers filed with the Court, expert reports, discovery responses, transcripts of testimony and exhibits, correspondence, mediation briefs, and their own work product containing such Discovery Material.  Further, all notes, summaries, or other documents prepared by attorneys, Experts, or internal or external consultants derived from or containing Confidential Discovery Material shall, after the conclusion of the action, be kept within the files of Outside Counsel and Designated Inside Counsel for the Party creating such work product, or be destroyed.  Such Party, and their respective Outside Counsel, shall not disclose any Party's Confidential Discovery Material contained therein to any person or entity except pursuant to a written agreement with the Producing Party or as otherwise provided in this Protective Order and shall maintain the safeguards set forth in Paragraph 50.  Not later than ninety (90) days (as calculated by Fed. R. Civ. P. 6) after the termination of this Litigation, each Party that received any Confidential Discovery Material shall certify in writing to each Producing Party that it has complied with the requirements of this Paragraph.  Back-up files and other difficult-to-access sources containing Confidential Discovery Material shall be exempt from the requirements of this Paragraph, subject to the Receiving Party's continued maintenance of the safeguards set forth in Paragraphs 49 and 50.

## MISCELLANEOUS PROVISIONS

52.    This Protective Order is without prejudice to the right of any Party to seek further or additional protection of information for which the protection of this Protective Order is not believed by any Party to be adequate.  Nothing in this Protective Order shall be deemed to bar or

preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain information may not be discovered at all.

53.     Without application to the Court, any Party that is a beneficiary of the protections of this Protective Order may enter a written agreement releasing any other Party from one or more requirements of this Order, except for requirements that protect the information or rights of another Party or a Third Party.

54.     The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery in this Litigation, and except as expressly provided, shall not relieve any Party of the obligation of producing information in the course of discovery.

55.     If at any time Confidential Discovery Material of a Producing Party is subpoenaed from a Receiving Party or is the subject of a discovery request directed to a Receiving Party in any proceeding before any court or arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written and email notice pursuant to the provisions of Paragraph 58 and shall provide the Producing Party with an opportunity to object to the production of such materials.  If the Producing Party does not move for a protective order within fifteen (15) days (as calculated by Fed. R. Civ. P. 6) of the date written notice is given, a Receiving Party to whom the subpoena or other request is directed may produce, on or after the date set for production in the subpoena or other request but not before the end of the 15-day notice period, such material in response thereto, under a protective order with confidentiality provisions equal to or more restrictive than those of this Protective Order.

56.     Other Proceedings.  By entering this Order and limiting the disclosure of information in this Litigation, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case, provided that a Party does not (a) file or seek to file another case or legal proceeding based upon its knowledge of Confidential Information of the other Party; or (b) seek disclosure of a Party's Confidential Information in another case based upon that Party's knowledge of the other Party's Confidential

22

Information.  Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's information designated as Confidential Discovery Material pursuant to this Order shall promptly notify that Party of the motion so that the Party may have the opportunity to appear and be heard on whether that information should be disclosed.

57.     Outside Counsel and Designated Inside Counsel shall have the right to exclude from depositions, other than the deponent, the court reporter, and videographer, any person who is not authorized under this Protective Order to receive Confidential Discovery Material.  Such right of exclusion shall be applicable only during periods of examination or testimony directed to Confidential Discovery Material.  The failure of any person who is not authorized under this Protective Order to receive Confidential Discovery Material (other than the deponent, the court reporter, and/or the videographer) to leave the deposition room during any portion of the deposition that inquires into matters designated as Confidential Discovery Material by the Producing Party shall permit Outside Counsel for the Producing Party to instruct the deponent that he or she should not answer inquiries into matters designated as Confidential Discovery Material.

58.     All notices during this Litigation required by this Protective Order are to be made by email to a Party's Outside Counsel (including, if available, to Outside Counsel's service distribution email address designated for this Litigation), and all notices subsequent to the termination of Litigation are to be made by email and U.S. mail to a Party's Outside Counsel and the office of the Party's general counsel, or such other person as a Party may designate.  The date by which a Party receiving notice shall respond or otherwise take action shall be computed from the date the Party's Outside Counsel, the Party's Designated Inside Counsel, or the Party's general counsel first receives the notice via either email or U.S. mail sent and addressed as required under this Paragraph.  Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by Outside Counsel or Designated Inside Counsel for the Producing Party.

59.     Execution of this Protective Order shall not constitute a waiver of the right of any Party to claim in this Litigation or otherwise that any document, communication, or any portion

thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Litigation or any other proceeding.

60.     Each person who receives Confidential Discovery Material agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

61.     This Order may be amended by the agreement of the Parties, including through their Outside Counsel, in the form of a written Stipulated Amended Protective Order signed by each Party's Outside Counsel and ordered by the Court.  The Court retains the right to allow disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interest of justice.

62.     Neither the termination of this Litigation nor the termination of employment of any person with access to any Confidential Discovery Material shall relieve a Party or any person from the obligation of maintaining the confidentiality of such information in accordance with this Protective Order, or abiding by any of its restrictions.  The Court shall retain jurisdiction to enforce the terms of the Protective Order after final termination of this Litigation.  All disputes concerning Confidential Discovery Material under this Protective Order shall be resolved by the United States District Court for the District of Delaware.

Dated: February 17, 2023

McCARTER & ENGLISH, LLP

/s/ Daniel M. Silver
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

Counsel for Plaintiff

RICHARDS, LAYTON & FINGER, P.A.

/s/ Robert W. Whetzel
Robert W. Whetzel (#2288)
Katharine Lester Mowery (#5629)
Nicole K. Pedi (#6236)
920 North King Street
Wilmington, DE 19801
(302) 651-7700
whetzel@rlf.com
mowery@rlf.com
pedi@rlf.com

Counsel for Defendant

24

OF COUNSEL:

Michael A. Morin
David P. Frazier
Inge A. Osman
Cecilia Sanabria
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004
(202) 637-2200

Michael Seringhaus
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600

Gabrielle LaHatte
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA  94111
(415) 491-0600

OF COUNSEL:

Siegmund Y. Gutman
Scott P. Cooper
David M. Hanna
Gourdin W. Sirles
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
(310) 557-2900

Kevin J. Perra
PROSKAUER ROSE LLP
Eleven Times Square
8th Avenue & 41st Street
New York, NY 10036-8299
(212) 416-6800

Dennis J. Smith
Alaina Whitt
James High
AMGEN, INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1799
(805) 447-1000

**SO ORDERED this 21st day of February 2023.**

**The Honorable Maryellen Noreika**
**United States District Judge**

## **EXHIBIT A**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JANSSEN BIOTECH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1549-MN |
| | ) | |
| AMGEN INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **DECLARATION TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare under penalty of perjury that:

My present employer is _____ and the address of my present employer is _____.

My present occupation or job description is _____.

I have received the Protective Order in this Litigation dated _____.  I understand that I am obligated, under order of the Court, to hold in confidence and not to disclose the contents of anything marked Confidential Information except as permitted by the Protective Order.  I further understand that I am not to disclose to anyone other than those persons identified in Paragraph 34 of the Protective Order any words, substances, summaries, abstracts, or indices of any Confidential Information disclosed to me.  According to the restrictions of Paragraph 27 of the Protective Order, I will use Confidential Information, including Confidential Discovery Material, or information derived there from, solely for purposes relating to the above-captioned Litigation.  I will never use Confidential Discovery Material or information derived there from, directly or indirectly, in competition with the Producing Party nor will I permit others to do so.  In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

27

At the termination of this Litigation or any time requested by Outside Counsel for the Party by whom I am engaged, I will return or destroy all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting Confidential Information which have come into my possession, and will return or destroy all documents or things I have prepared relating to or reflecting such information.

I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the Producing Party.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Litigation. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

<div style="margin-left:40%">Respectfully submitted,</div>

Date:                  _____

<div style="margin-left:40%">Signature</div>

## EXHIBIT B

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JANSSEN BIOTECH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1549-MN |
| | ) | |
| AMGEN INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare under penalty of perjury that:

My present employer is _____ and the address of my present employer is _____.

I have received the Protective Order in this Litigation dated _____. I agree:

(i) to be bound by the terms of the Protective Order;

(ii) to use Confidential Discovery Material and Confidential Information solely for the purposes delineated within the Protective Order;

(iii) to not disclose any Confidential Discovery Material or Confidential Information to any person, firm, corporation or other entity not qualified to have access to such information pursuant to the terms of the Protective Order; and that

(iv) I meet the requirements for Designated Inside Counsel as set forth in Paragraph 34(c) of the Protective Order.

I will return or destroy all Confidential Discovery Material and Confidential Information at the relevant time in accordance with Paragraph 51 of the Protective Order.

I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcement of the Protective Order.  I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and may be liable in a civil action by one or more of the parties in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,

Date: _____                    _____

Signature